1 JAMES McNAIR THOMPSON
SBN 67807
LAW OFFICES OF JAMES McNAIR THOMPSON
2 PO BOX 636
LOS GATOS CA 95031
3 (408) 358-6047

4

5

6 UNITED STATES DISTRICT COURT

7 NORTHERN DISTRICT OF CALIFORNIA

8 SAN JOSE DIVISION

9

10  UNITED STATES OF CALIFORNIA,           ) Case No.: CR-11-00658-LHK
                                          )
11                                        ) MOTION OF JAMES McNAIR
            Plaintiff,                    ) THOMPSON TO WITHDRAW AS
12                                        ) ATTORNEY OF RECORD FOR
      vs.                                 ) DEFENDANT ADOLPHO CORNEJO
13                                        ) VASQUEZ
                                          )
14  ADOLPHO CORNEJO VASQUEZ,              )
                                          )
15          Defendant.                    )

16                                        DATE:    January 25, 2012
                                          TIME:    10:00 a.m.
17                                        DEPT:    Courtroom 8,
                                                   Hon. Lucy H. Koh, presiding
18
    **TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO THE**
19
    **PARTIES TO THE ABOVE-CAPTIONED MATTER:**
20
           **PLEASE TAKE NOTICE** that on Wednesday, January 25, 2012, at 10:00
21
    a.m., or as soon thereafter as the matter may be heard, in Courtroom 8 of the above-
22
    entitled court, James McNair Thompson will move to withdraw as attorney of
23
    record for the defendant Adolpho Cornejo Vasquez.
24

25

JMT Mo to Withdraw                                                              Page 1

The motion will be based on this notice, the attached Memorandum of Points & Authorities, the attached Declaration of James McNair Thompson, and such evidence and argument as may be adduced at the hearing.

Dated:  January 22, 2012

                              Respectfully submitted,

                              James McNair Thompson

                              Attorney for defendant Adolpho Cornejo Vasquez

## POINTS & AUTHORITIES

### I.  INTRODUCTION

James McNair Thompson, appointed pursuant to CJA, moves to withdraw on the basis that the defendant, Adolpho Cornejo Vasquez, has become a fugitive, and it is therefore impossible for James McNair Thompson to discharge his obligations under the Sixth Amendment to the United States Constitution and the Rules of Professional Conduct governing the practice of law in the State of California.

Should Mr. Cornejo Vasquez once again appear before this court, James McNair Thompson would be more than willing to accept a reappointment to represent him.

### II.  FACTS

On October 30, 2011, Magistrate Judge Grewal signed a CJA 20 (Appointment Of And Authority To Pay Court Appointed Counsel) reflecting the appointment of James McNair Thompson to represent the defendant Adolpho Cornejo Vasquez in the above-entitled case, with a *nun pro tunc* date of October 14, 2011.

1   On October 21, 2011, Magistrate Judge Grewal ordered defendant Cornejo
2  Vasquez released upon execution of a surety bond in the amount of $75,000.00. (Doc
3  9)
4   Defendant's first appearance before the Hon. Lucy H. Koh was scheduled for
5  November 4, 2011.  Defendant did not appear at on that date. (See Doc 12)  James
6  McNair Thompson was unaware that defendant had run afoul of his conditions of
7  release for failing to appear at Pretrial Services, and the matter was continued to
8  December  7, 2011.Defendant Cornejo Vasquez failed to appear on that date as well,
9  but by that time the defendant was known to be a fugitive. (Doc 17: "Defendant
10  Vasquez is not present and is a fugitive.")  The matter was continued to January 25,
11  2012. (See Doc 17: "The matter is continued to January 25, 2012 at 10:00 a.m. for
12  further status/trial setting hearing.")

### III.  JAMES McNAIR THOMPSON CANNOT PROCEED AS DEFENDANT'S COUNSEL

The defendant being a fugitive, James McNair Thompson cannot continue to represent him.

With respect to any proposed bail forfeiture hearing,[1] there is nothing that James McNair Thompson can say or do to protect the rights of defendant Cornejo Vasquez.  While he may willfully have violated the conditions of his release, for reasons known only to himself, he may possibly be an amnesiac, be an unidentified coma patient, or, for all James McNair Thompson knows, have been abducted by the United States Armed Forces under the recently enacted National Defense

---

[1] See Doc 17: "The Government anticipates filing motion for forfeiture of Defendent Vasquez' bond."

1  Authorization Act.  James McNair Thompson simply has no idea why the defendant
2  failed to appear at either the November 4, 2011 or December 7, 2011 hearings.
3      He is informed and believes that a warrant issued because the defendant
4  failed to appear at Pretrial Services as required by the conditions of release, but he
5  is likewise ignorant of any explanation for this failure, assuming that the
6  information is accurate.
7      Likewise, in the absence of any contact with Mr. Cornejo Vasquez, James
8  McNair Thompson cannot negotiate to see whether a disposition is possible, nor can
9  he prepare for trial.  While he could continue to explore what further discovery
10 might be forthcoming, this would be an idle act, since he could neither deploy the
11 discovery to achieve a reasonable settlement, not could he use the discovery to
12 prepare for trial.
13     In short, without a defendant, there is nothing a defendant's lawyer can do.

### IV.  JAMES McNAIR THOMPSON IS OBLIGED TO WITHDRAW UNDER THE RULES OF PROFESSIONAL CONDUCT GOVERNING THE PRACTICE OF LAW IN THE STATE OF CALIFORNIA

16     "In all criminal prosecutions, the accused shall enjoy the right to […]
17 have the Assistance of Counsel for his defence." (United States Constitution, Sixth
18 Amendment)
19     Obviously, counsel cannot assist a defendant who is absent, and with whom
20 the counsel cannot confer.
21     Defendant's counsel cannot prepare to meet his obligations at the pretrial
22 conference or the trial without the cooperation of and access to the defendant.
23     He cannot act competently on defendant's behalf, and cannot allow himself to
24 act as the not-competent place-keeper for an absentee defendant.
25

1   California Rules of Professional Conduct Rule 3-110(A) provides, "A member
2   shall not intentionally, or with reckless disregard, or repeatedly fail to perform legal
3   services competently." Rule 3-500 provides, "A member shall keep a client
4   reasonably informed about significant developments relating to the employment or
5   representation, including promptly complying with reasonable requests for
6   information and copies of significant documents when necessary to keep the client
7   so informed." Finally, Rule 3-700(B)(2) provides that an attorney licensed in the
8   State of California must withdraw when he "knows or should know that continued
9   employment will result in violation of these rules or of the State Bar Act …"

10   Being required to act as an uninformed and unprepared placekeeper for an
11  absent defendant who cannot assist counsel and whom in turn counsel cannot assist
12  would violate all three of these rules of professional conduct.

13   Therefore, James McNair Thompson moves for leave to withdraw as attorney
14  of record.

### V.  WITHDRAWAL REQUIRES A COURT ORDER

An attorney who wishes to withdraw must file a motion to withdraw, showing good cause for allowing the attorney to withdraw. Failure of the defendant to pay agreed compensation may not necessarily be deemed good cause. Notice of the motion shall be given to the defendant and all parties to the case. The attorney continues to represent the party until entry of a court order granting leave to withdraw. (Crim. L.R. Rule 44 – 2(b))

Unless such leave is granted pursuant to Crim. L.R. 44-2(b), the attorney shall continue to represent the defendant until the case is dismissed, or the defendant is acquitted or, if convicted, until the expiration of the time for making post-trial motions and for filing notice and appeal pursuant to Fed. R. App. P. 4(b). (Crim. L.R. Rule 44—2(c)(1))

In other words, if this motion is denied, James McNair Thompson would be required to try the case, and pursue the appeal, with access to the defendant.  This would be untenable.

## VI.  CONCLUSION

For the foregoing reasons, James McNair Thompson requests this court file an order relieving him as attorney of record.

Dated:  January 23, 2012

                Respectfully submitted,


                James McNair Thompson

### DECLARATION OF JAMES McNAIR THOMPSON IN SUPPORT OF MOTION TO BE RELIEVED

1.  I was appointed pursuant to the CJA to represent the defendant herein, Adolpho Cornejo Vasquez, *nunc pro tunc* to October 14, 2011.

2.  Mr. Cornejo Vasquez failed to appear at a status conference on November 4, 2011.  I have had no contact, directly or indirectly, with Mr. Cornejo Vasquez since before that date, and I have received no information from him, directly or indirectly, explaining his absence on that date, or explaining his absence on December 7, 2011.

3.  I am unable to reach Mr. Cornejo Vasquez by telephone;  the number which he gave me is disconnected.

4.  I have placed a copy of this motion in the US Mail, first class postage prepaid, addressed to Mr. Cornejo Vasquez at the address he gave me.

5. I cannot competently represent a defendant with whom I have no means of communication.

6. I have no means of communication with Adolpho Cornejo Vasquez.

7. If he returns to court, voluntarily or otherwise, I would be more than willing to accept his representation once again, but I cannot represent him at this time because of his fugitive status, coupled with my inability to communicate with him.

I declare under penalty of perjury that the foregoing is true and correct; executed this 23rd day of January, 2012 at Los Gatos, California.

_____
James McNair Thompson